UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AVERY C WILLIAMS,

    Plaintiff,

v.

KCJ MEDICAL STAFF, et al.,

    Defendants.

Case No. C18-1708-RSL-MAT

ORDER DENYING PLAINTIFF'S MISCELLANEOUS MOTIONS AND EXTENDING DISCOVERY DEADLINE

This is a 42 U.S.C. § 1983 prisoner civil rights action. Currently before the Court are two miscellaneous motions plaintiff filed. (Dkts. 24, 25.) Defendants oppose the motions. (Dkt. 27.) The Court DENIES plaintiff's motions for the reasons explained below.

Plaintiff asks the Court for permission to interview medical staff at the jail. (Dkt. 24 at 1.) Plaintiff must pursue discovery according to the Federal Rules of Civil Procedure. *See, e.g.*, Fed. R. Civ. P. 26, 28, 30, 31, 33, 34, 36, 37, 45. Plaintiff should note that this Court "has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed in forma pauperis under 28 U.S.C. § 1915(a)." *Coates v. Kafczyski*, No. 05-003, 2006 WL 416244, *2 - *3 (W.D. Mich. Feb. 22, 2006) (collecting cases). To the extent plaintiff seeks to take depositions, doing so would entail stenographic or court reporter expenses that this Court

ORDER DENYING PLAINTIFF'S
MISCELLANEOUS MOTIONS AND
EXTENDING DISCOVERY DEADLINE - 1

1 is not authorized to pay. If plaintiff is unable to pay for depositions himself, he may conduct his
2 discovery through written interrogatories. *See id.*

3 Plaintiff also asks the Court to "amend info." (Dkt. 24 at 1.) It is unclear to the Court what
4 plaintiff is requesting. If he is asking to amend his complaint, he must file a motion asking for
5 leave to amend and a proposed amended complaint. *See* Fed. R. Civ. P. 15; W.D. Wash. Local
6 Rules LCR 15.[1]

7 Plaintiff requests all information and material defendants have related to this case. (Dkt.
8 25 at 1.) Defendants indicate that they will treat his motion as a discovery request and respond
9 accordingly. (Dkt. 27 at 3.) Accordingly, this request is moot. Plaintiff is reminded that discovery
10 requests must be served directly on defendants and should not be filed with the Court.

11 Plaintiff asks the Court to grant him at least two more *pro se* packets from the jail or
12 $150.00 for legal materials, the use of a laptop four times a week, the use of Black's Law
13 Dictionary three times a week, and that he be permitted to use the law library at least four times a
14 week. (Dkt. 25 at 1-2.) As noted above, the Court is not authorized to fund plaintiff's lawsuit.
15 The Court cannot grant plaintiff's additional requests because doing so would impermissibly
16 interfere with the jail. If plaintiff needs additional time to meet the Court's deadlines because of
17 limited access to legal materials and the law library, he may request extensions of time.

18 Finally, plaintiff asks the Court to appoint a standby lawyer. (Dkt. 25 at 1.) Generally, a
19 person has no right to counsel in a civil action. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir.

---

[1] LCR 15 provides: "A party who moves for leave to amend a pleading, or who seeks to amend a pleading by stipulation and order, must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulation. The party must indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits. If a motion or stipulation for leave to amend is granted, the party whose pleading was amended must file and serve the amended pleading on all parties within fourteen (14) days of the filing of the order granting leave to amend, unless the court orders otherwise."

ORDER DENYING PLAINTIFF'S
MISCELLANEOUS MOTIONS AND
EXTENDING DISCOVERY DEADLINE -
2

1998).  In certain "exceptional circumstances," the Court may request the voluntary assistance of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1).  *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).  When determining whether "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).  Neither factor is dispositive, and they must be viewed together before reaching a decision on a request for counsel.  *Id.*  Plaintiff has made no showing of either factor at this time.

For the foregoing reasons, the Court DENIES plaintiff's miscellaneous motions (Dkts. 24, 25) and EXTENDS the discovery deadline to **November 4, 2019**, to allow the parties to engage in further discovery.  The Clerk is directed to send copies of this order to the parties and to the Honorable Robert S. Lasnik.

Dated this 4th day of September, 2019.

Mary Alice Theiler
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S
MISCELLANEOUS MOTIONS AND
EXTENDING DISCOVERY DEADLINE -
3